IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANTHONY DAVILA,

    Plaintiff,

v.

LOGAN MARSHALL, Sheriff, and
CHRISTOPHER DURDEN, Captain,

    Defendants.

CIVIL ACTION NO.: CV112-149

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at the McDuffie County Detention Center in Thomson, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, *et seq.* ("RLUIPA"), contesting certain conditions of his confinement. Defendants filed a Motion to Dismiss, to which Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Marshal and Durden have not allowed him to have Santeria beads, cowrie shells, or his bible. Plaintiff asserts that these items are necessary to the practice of his religion. Plaintiff also asserts that inmates who are of other faiths are allowed to have their religious items.

Defendants assert that Plaintiff's claims should be dismissed because the RLUIPA does not provide for claims against individuals. Defendants also assert that the

Prison Litigation Reform Act ("PLRA") bars Plaintiff's claims because he did not suffer any physical injury.

## STANDARD OF REVIEW

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

I. **RLUIPA Claims**

Defendants contend that the RLUIPA does not authorize individual capacity claims and are barred.

2

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). "Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). The "RLUIPA creates a private cause of action for a prison inmate if section 3 is violated, and further provides that the complaining party, if successful, may 'obtain appropriate relief against a government.'" Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) (quoting 42 U.S.C. § 2000cc–2(a)), and *abrogated on other grounds by* Sossamon v. Texas, ___ U.S.___, 131 S. Ct. 1651 (Apr. 20, 2011). "The phrase 'appropriate relief' in [the] RLUIPA encompasses monetary as well as injunctive relief." Id. at 1271. However, "a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(sic)." Id. Section 3 of the RLUIPA (42 U.S.C. § 2000cc-1) "cannot be construed as creating a private action against individual defendants for monetary damages." Id. at 1275.

Accordingly, to the extent Plaintiff wishes to pursue monetary damages claims against Defendants pursuant to the RLUIPA, he cannot do so. This portion of Defendants' Motion should be **granted**. However, to the extent Defendants' Motion can

be read to request the dismissal of Plaintiff's RLUIPA claims in their entirety, that portion of Defendants' Motion should be **denied**.

## II. The PLRA bars all claims because Plaintiff did not suffer a physical injury

Defendants assert that Plaintiff's cause of action must be dismissed because Plaintiff seeks monetary damages without alleging a physical injury.

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The purpose of this statute is "to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (citing Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000)). "Tracking the language of [this] statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. In Williams v. Brown, 347 F. App'x 429, 436 (11th Cir. 2009), the Eleventh Circuit stated that, "compensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated. Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minim[i]s* physical injury." Id. (internal citations omitted) (alterations in original). The Eleventh Circuit noted, however, that "[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to

4

AO 72A
(Rev. 8/82)

compensatory damages." Id. (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)). "Thus, a prayer for nominal damages is not precluded by § 1997e(e)." Id. (quoting Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007)). In Williams, the Eleventh Circuit approved this Court's dismissal of the plaintiff's claims for compensatory and punitive damages based on the plaintiff's retaliatory transfer claim because the plaintiff did not allege a requisite physical injury pursuant to § 1997e(e) but directed this Court to consider the plaintiff's potential recovery of nominal damages based on his retaliatory transfer claim. Williams, 347 F. App'x at 437.

In Harris v. Garner, 190 F.3d 1279, 1288 (11th Cir. 1999), the Eleventh Circuit "joined the other circuits who have considered the issue in holding that section 1997e(e) only precludes some actions for money damages, and does not materially thwart actions for declaratory and injunctive relief."[1] The Eleventh Circuit "express[ed] no view on whether section 1997e(e) would bar an action for nominal damages that are normally available for the violation of certain 'absolute' constitutional rights, without any showing of actual injury." Id. at n.9.

However, in Hughes, and as noted above, the Eleventh Circuit found that "[n]ominal damages are appropriate [under section 1997e(e)] if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages." 350 F.3d at 1162. The Eleventh Circuit noted that the Second, Third, Seventh, Ninth, and Tenth Courts of Appeals relied

---

[1] The Eleventh Circuit revisited a portion of its decision in Harris v. Garner, 190 F.3d 1279 (11th Cir. 1999) ("Harris I"), in Harris v. Garner, 216 F.3d 970 (11th Cir. 2000) ("Harris II"). In Harris II, the Eleventh Circuit determined that § 1997e(e) "applies only to claims filed while an inmate is confined [and] does not prevent a former prisoner from filing after release a claim for mental or emotional injury suffered while confined, without a prior showing of physical injury." 216 F.3d at 979-80. The Eleventh Circuit also determined that dismissals of claims filed under section 1997e(e) during confinement should be done without prejudice to allow "re-filing the claim if and when the plaintiff is released." Id. at 980.

5

on "the plain text of the statute[ ]" and "interpreted § 1997e(e) not to preclude a prisoner from seeking nominal damages." Id. (collecting cases). The Eleventh Circuit also noted that the district court should determine whether the plaintiff's complaint could be liberally construed to reveal that the plaintiff had requested nominal damages. The Eleventh Circuit echoed this in Boxer X v. Harris, 437 F.3d 1107 (2006).

The Eleventh Circuit found that, while Boxer X did not present more than a *de minimis* injury for his Eighth Amendment violation claims, this did "not necessarily require dismissal of his case under the PLRA, whose recovery limitation provision prevents recovery 'for mental or emotional injury . . . without a prior showing of physical injury.'" 437 F.3d at 1111 & n.3 (citing 42 U.S.C. § 1997e(e)). It was for the district court on remand to address what remedies were available to plaintiff.

The Eleventh Circuit noted in Smith, that, even though a "prisoner plaintiff's right to monetary relief is severely circumscribed by" the PLRA, "nominal damages may sometimes be appropriate under § 1997(e) (sic)." The Eleventh Circuit also noted, "we have suggested that § 1997(e) (sic) does not preclude a prisoner from seeking nominal damages if he can establish that he has suffered a constitutional injury." Id. (citing Hughes, 350 F.3d at 1162; Boxer X v. Donald, 169 F. App'x 555, 558 (11th Cir. 2006)). The plaintiff sought nominal, compensatory, and punitive damages under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, *et seq.* ("RLUIPA"). The Eleventh Circuit noted that "it is clear that [plaintiff's] monetary award, if any, will be limited to a grant of nominal damages, in light of the limiting language of § 1997(e) (sic)." Id.

AO 72A
(Rev. 8/82)

The Eleventh Circuit once again observed that "'[n]ominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.'" Al-Amin v. Smith, 511 F.3d 1317, 1334-35 (11th Cir. 2008) ("Al-Amin I") (quoting KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1260 (11th Cir. 2006) (alteration in original). In fact, the Eleventh Circuit also has "said that 'nominal damages are . . . appropriate in the context of a First Amendment violation.'" Id. at 1355 (quoting KH Outdoor, 465 F.3d at 1261). "Our precedent thus recognizes the award of nominal damages for violations of the fundamental right to free speech absent any actual injury." Id. Finally, in Al-Amin II, the Eleventh Circuit determined that Plaintiff could not offer "evidence supporting an award of punitive damages[ ]" and did not address Plaintiff's "ability to recover nominal damages, as this issue is not presently before us." 637 F.3d at 1199 & n.10.

This portion of Defendants' Motion should be granted to the extent Plaintiff seeks compensatory damages because Plaintiff has not shown that he suffered physical injury. However, Plaintiff's potential recovery of nominal damages based on his First Amendment claim and his equal protection claim are not barred. Accordingly, this portion of Defendants' Motion should be **denied**.[2]

---

[2] Plaintiff's request for certification is **DENIED**, and his assertion that section 1997e(e) is unconstitutional as applied to him should be **DISMISSED**, as moot. The Eleventh Circuit and the United States Supreme Court, as noted above, have spoken to these issues on numerous occasions.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED** in part and **DENIED** in part. Plaintiff's RLUIPA claims for monetary damages should be **DISMISSED**. Furthermore, Plaintiff's § 1983 claims for compensatory damages should be **DISMISSED**. All other claims remain pending.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 4th day of September, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE