# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

ANTHONY DAVILA,

    Plaintiff,

v.

LOGAN MARSHALL, Sheriff, and
CHRISTOPHER DURDEN, Captain,

    Defendants.

CIVIL ACTION NO.: CV112-149

## ORDER

Plaintiff, who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1, *et seq.* ("RLUIPA"), contesting certain conditions of his confinement while he was housed at the McDuffie County Detention Center in Thomson, Georgia. Defendants filed a Motion for Summary Judgment on April 21, 2014. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by May 15, 2014. (Doc. No. 74). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

(Id.). Plaintiff filed no Response to Defendants' Motion for Summary Judgment. However, "the district court cannot base the entry of summary judgment on the mere fact that the motion [is] unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). Specifically, the court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009) (citation omitted).

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Marshal and Durden did not allow him to have Santeria beads, cowrie shells, or his bible. Plaintiff asserts that these items are necessary to the practice of his religion. Plaintiff also asserts that inmates who are of other faiths are allowed to have their religious items.

Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to the filing of this cause of action. Defendants allege that Plaintiff's injunctive relief claim is moot, as he has been transferred to another penal institution. Defendants also allege that Plaintiff's remaining claims for nominal damages are without merit. Finally, Defendants allege that they are entitled to qualified immunity.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss, or treated as such if raised in a motion for summary judgment. Duble v. FedEx Ground Package System, Inc., ___ F. App'x ___,

AO 72A
(Rev. 8/82)

No. 13-12749, 2014 WL 3631905, at *3 (11th Cir. July 14, 2014) (citing Bryant v. Rich, 530 F.3d 1368, 1374–75 (11th Cir. 2008)). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative

3

remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

The grievance procedure for the McDuffie County Detention Center provides:

> Any inmate shall be entitled to communicate legitimate complaints. Grievances will be in writing.
>
> Grievances may be given to any staff member for prompt transmittal. All grievances must fully describe the factual basis and circumstances of the alleged incident or situation and include a specific complaint and signed by the staff member when picked up.

(Doc. No. 73-3, p. 7). The jail administrator is to make available a grievance form to all inmates on request. The jail administrator responds to the grievance in writing. The jail administrator's decision "may be appealed to the Sheriff within seventy-two (72) hours of the receipt of the grievance decision." (Doc. No. 73-3, p. 13).

Defendants assert that Plaintiff failed to exhaust his administrative remedies under the grievance procedure which was in place at the McDuffie County Detention Center, even though Plaintiff received "clear notice" of the procedure. (Doc. No. 73-5, p. 7). Defendant Durden, who served as the jail administrator and records custodian during the time Plaintiff was housed at McDuffie County Detention Center, declares that

4

his review of Plaintiff's inmate file showed that Plaintiff failed to file any grievance from the first day he was housed at McDuffie County Detention Center until the date he filed this cause of action on October 3, 2012. (Doc. No. 73-3, p. 4, ¶ 12). Defendant Durden states that all inmate grievance and grievance appeal forms which an inmate filed are kept in that inmate's file. (Id.). Defendant Durden also declares that a copy of the Inmate Handbook, which includes the grievance procedure, is posted in plain view to all inmates and is in the inmates' living quarters. Defendant Durden further declares that inmates are typically given a copy of this handbook during the booking process. (Id. at p. 3, ¶ 9).

The evidence before the Court reveals that Plaintiff failed to exhaust his available administrative remedies prior to the filing of this cause of action. It is unnecessary to address the remaining portions of Defendants' Motion.

## CONCLUSION

Based on the foregoing, Defendants' Unopposed Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**, without prejudice, based on his failure to exhaust his administrative remedies prior to filing this cause of action. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 2nd day of September, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE